UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARY LOU GRAHAM,
    Plaintiff,

    v.

MOHEGAN SUN AT POCONO DOWNS
and KILLIAN CONSTRUCTION
COMPANY,
    Defendants.

CIVIL ACTION NO. 3:14-CV-908

(Judge Kosik)

FILED
SCRANTON

DEC 0 2 2014

PER _____
DEPUTY CLERK

### MEMORANDUM

Before the court is Defendant, Mohegan Sun at Pocono Downs' Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 9). For the reasons which follow, the Motion will be denied.

### BACKGROUND

Plaintiff, Mary Lou Graham, filed a Complaint in the instant action against Defendants, Mohegan Sun at Pocono Downs and Killian Construction Company, on May 12, 2014. An Amended Complaint was filed on June 3, 2014 (Doc. 8). The basis of Plaintiff's action is a slip and fall on a pathway at Defendant, Mohegan Sun at Pocono Downs, during a period of construction. On June 23, 2014, Defendant, Mohegan Sun, filed a Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 9) and a Brief in Support thereof (Doc. 10). Plaintiff filed a Brief in Opposition to the Motion (Doc. 13) on July 9, 2014. Defendant, Killian Construction Company, filed an Answer to the Amended Complaint raising Affirmative Defenses and a Crossclaim (Doc. 27) on November 11, 2014. An Answer to the Crossclaim was filed on November 14, 2014 (Doc. 28).

DISCUSSION

Count III of Plaintiff's Amended Complaint, which is the basis of Defendant Mohegan Sun's Motion to Dismiss, is a claim for Intentional Infliction of Emotional Distress. Specifically, Plaintiff alleges that as a result of her fall and the subsequent conduct of the Security Shift Supervisor at Defendant, Mohegan Sun, Plaintiff has suffered severe psychological and physical injuries.

The parties are in agreement as to the heavy burden which must be met by Plaintiff in order to establish a cause of action for Intentional Infliction of Emotional Distress. The Plaintiff must show that the Defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society." Toney v. Chester Cnty. Hosp., 961 A. 2d 192, 202 (Pa. Super. 2008); Swisher v. Pitz, 868 A. 2d 1228, 1230 (Pa. Super. 2005).

When ruling on a Motion to Dismiss, the court must accept all factual allegations as true. Fowler v. UPMC Shadyside, 578 F. 3d 203 (3d Cir. 2009). While we agree that Plaintiff's claims are tenuous, and that Plaintiff has a heavy burden, in accepting the Plaintiff's factual allegations as true, we believe it prudent to allow the matter to proceed to discovery to develop a record as to what transpired subsequent to Plaintiff's fall and the resulting injuries. See, Periera v. Lizzio, 2012 WL 1205750 (M.D. Pa. April 11, 2012). Thus, we will deny Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint and will direct an Answer to be filed. An appropriate Order follows.