UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY LOU GRAHAM            :<br>                                              :<br>            Plaintiff,              :<br>                                              :    Civil Action No. 3:14-CV-0908<br>            v.                         :<br>                                              :<br>MOHEGAN SUN AT POCONO DOWNS  :    (Judge Kosik)<br>                                              :<br>            AND                     :<br>                                              :<br>KILLIAN CONSTRUCTION COMPANY :<br>                                              :<br>            Defendants.       : | |

**MEMORANDUM**

Before the Court are several motions for consideration: a motion for summary judgment filed by Defendant Killian Construction Company ("Killian Construction") (Doc. 42); a motion for summary judgment filed by Defendant Mohegan Sun at Pocono Downs ("Mohegan Sun") (Doc. 46), partially joining the summary judgment motion of Killian Construction; and finally, Plaintiff, Mary Lou Graham's motion to strike Mohegan Sun's motion for summary judgment (Doc. 49). For the reasons which follow, the Court will deny Plaintiff's motion to strike, deny Killian Construction's motion for summary judgment, and deny Mohegan Sun's motion for summary judgment.

**I. BACKGROUND**

This action stems from an incident that occurred on February 15, 2013, when Plaintiff, Mary Lou Graham, suffered injuries when she fell on a grassy walkway/pathway leading to the casino entrance at Mohegan Sun in Plains Township, Pennsylvania. (Doc. 51, Pltf. SOF, at ¶¶1,

14, 16). Although a frequent visitor to the casino, Plaintiff became uncertain as to how to access the casino when she parked her vehicle in a different designated parking area than the one she was accustomed to, due to new construction of a hotel at the casino. (Id. at ¶¶7-9). Confused by the lack of signage directing her which way to traverse to the casino's entrance, she inquired with a construction worker, who told her to "just go past the fence and down toward the people." (Id. at ¶¶10-12). When Plaintiff reached the end of the construction fence, she saw a paved sidewalk that led to the casino's entrance, but thought it too far to traverse, so, instead, she chose a grass/dirt walkway/pathway that was a shorter distance leading to the casino's entrance. (Id. at ¶¶13, 14). It was while she was walking on this path that Plaintiff slipped and fell, sustaining injuries. (Id., at ¶16).

Plaintiff filed suit against both Defendants on May 12, 2014, and subsequently, filed an amended complaint alleging two counts of negligence and one count of intentional infliction of emotional distress against Mohegan Sun and one count of negligence against Killian Construction. (Docs. 1 and 8). Upon the close of discovery, Killian Construction filed a motion for summary judgment, arguing that it owed no duty to Plaintiff, given the incident occurred outside of the construction area. Further Killian Construction argues it cannot be held negligent, as a matter of law, for any defect that might have existed in an unpaved area of the property when a safe, paved means of travel was available to Plaintiff.

Mohegan Sun later filed a motion for summary judgment, partially joining Killian Construction's motion for summary judgment. (Doc. 46). Specifically, Mohegan Sun seeks summary judgment only as to Count I of Plaintiff's amended complaint, joining with Killian Construction, that, as a matter of law, Mohegan Sun cannot be held negligent for any defect in

the unpaved area of the property when Plaintiff was provided with a safe, paved means of travel to the casino's entrance. (Docs. 46 and 47). Plaintiff responded by filing a motion to strike Mohegan Sun's motion for summary judgment (Doc. 49), arguing the same was filed untimely. Plaintiff subsequently filed briefs in opposition to both Defendants' motions. (Docs. 52 and 58). The parties have fully briefed the motions, which are now ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. Anderson, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec, Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party then has the burden to "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to relief." U.S. Bank,

Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, *2 (M.D. Pa. Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2-3).

### III. DISCUSSION

**A. Motion to Strike**

Before addressing Defendants' motions for summary judgment, we must first deal with, as an initial matter, Plaintiff's motion to strike Mohegan Sun's motion for summary judgment. Plaintiff asks the Court to strike from the record and dismiss Mohegan Sun's motion for summary judgment for its untimely filing. Rulings on motions to strike are "within the sound discretion of the district court" and are considered a "drastic remedy." Dougherty v. Advanced Wings, LLC, 2013 WL 2434991, at *1 (M.D. Pa. June 4, 2013); (see King Twp. Of E. Lampeter, 17 F.Supp.2d 394, 407 (E.D. Pa. 1998) (stating whether to strike untimely cross motion for summary judgment is a matter of judicial discretion).

Plaintiff contends that she will suffer prejudice should Mohegan Sun's untimely motion not be stricken because she will be unable to respond to Mohegan Sun's motion within the 21 day time parameter set forth by Local Rule 7.6. Although Mohegan Sun untimely filed its motion for summary judgment, partially joining in Killian Construction's motion for summary judgment, we cannot identify any prejudice that the Plaintiff will suffer, or has suffered, by the late filing. Mohegan Sun does not raise any different legal issues in its motion, but rather, raises the very same issue that Co-Defendant Killian Construction raised, to which Plaintiff has fully

4

responded to in her oppositional brief. Indeed, Plaintiff has already responded to Mohegan Sun's motion for summary judgment by filing a brief in opposition to the same. Thus, because motions to strike are within the sound discretion of the district court, and we cannot discern any prejudice by allowing Mohegan Sun's motion to stand, we will deny Plaintiff's motion to strike.

**B. Motions for Summary Judgment**

Having addressed Plaintiff's motion to strike, we now turn to the Defendants' motions for summary judgment. In its motion for summary judgment, Killian Construction argues that Plaintiff cannot establish that it breached any duty owed to Plaintiff at the time of her fall. Killian Construction also argues that Plaintiff cannot prevail on a negligence claim when it was Plaintiff that chose the dangerous route to traverse rather than utilize the safe route that was available to the casino entrance. Mohegan Sun's motion for summary judgment joins in with Killian Construction's argument that Defendants cannot be found negligent when Plaintiff was aware of a safe, paved means to enter the casino. Mohegan Sun does not challenge the remainder of Plaintiff's IIED or negligence claims in its motion for summary judgment.

Plaintiff responds that Killian Construction's contract with Mohegan Sun created a duty to Plaintiff and that a question of fact exists as to whether Plaintiff was able to discover and appreciate the alleged dangerous condition of the pathway on which she slipped.

In Pennsylvania, the elements of a negligence claim are:

(1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks;

(2) defendant's failure to conform to the standard required;

(3) a causal connection between the conduct and the resulting injury; and

(4) actual loss or damage resulting to the plaintiff.

R.W. v. Manzek, 585 Pa. 335, 346 (2005). The first element, whether defendant owes a duty of care to the plaintiff, is a question of law. The Court looks to Section 343 of the Restatement (Second) of Torts, which has been adopted by Pennsylvania, to determine whether a duty existed. Section 343 states,

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (2d) of Torts § 343. "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (2d) of Torts § 343A.

"A danger is deemed to be 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.' " Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983), citing Restatement (2d) of Torts § 343A, comment b. For a danger to be "known," it must "not only be known to exist, but ... also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." Id. "The question of whether a danger was known or obvious, and if so, whether a safe way was available so that it is clear that [Plaintiff]

6

assumed the risk, is a question of fact for the jury. Only where reasonable minds could not differ as to the conclusion may the question be decided by the court." Com. v. Harris, 522 A.2d 184, 186 (Pa. Commw. Ct. 1987); Carrender, 469 A.2d at 124; Restatement (2d) of Torts § 328B comments c and d.

This concept has been termed as the "alternative ways" or "choice of ways" doctrine, which states: "Where a person, having a choice of two ways, one of which is perfectly safe, and the other of which is subject to risks and dangers, voluntarily chooses the latter and is injured, he is guilty of contributory negligence...." O'Brien v. Martin, 638 A.2d 247, 249 (Pa. 1994), citing Downing v. Shaffer, 371 A.2d 953, 956 (Pa. Super. Ct. 1977). To be applicable, there must be evidence that "the plaintiff made an unreasonable decision which exposed him to a hazard that he knew or should have known existed. There must be evidence of (1) a safe course, (2) a dangerous course, and (3) facts which would put a reasonable person on notice of the danger or actual knowledge of the danger." Id. "Contributory negligence ... may not be found by the court as a matter of law unless the facts so clearly reveal the plaintiff's negligence that reasonable minds could not disagree as to its existence." O'Brien, 638 A.2d at 249; see, e.g., Gregorius v. Safeway Steel Scaffolds Co., 187 A.2d 646 (Pa. 1963); Skalos v. Higgins, 449 A.2d 601 (Pa. Super. Ct. 1982). While Pennsylvania courts have generally been loath to apply this doctrine, in the cases where it is applied, the danger the plaintiff chose to confront was "indisputably obvious." O'Brien, 638 A.2d at 249. Finally, the choice of ways doctrine is rarely dealt with at summary judgment; rather, "[t]he cases which have examined it have generally been at the post-trial stage." Cousins v. Sharon City School Dist., 27 Pa. D. & C.4th 319, 332 (1994), citing O'Brien, 638 A.2d at 249.

In O'Brien v. Martin, a construction worker fell from a concrete extension when he attempted to step onto a pier to converse with someone below him more easily, rather than proceed down a ramp located at one end of the loading dock to speak with the individual. O'Brien, 638 A.2d at 248. In analyzing whether the construction worker was contributorily negligent, The Pennsylvania Superior Court pointed to the following facts, among others, to determine whether the plaintiff chose an obviously dangerous way over a clearly safer one to speak to the person below him: (1) plaintiff testified that he did not think standing on the cement pier was dangerous; and (2) plaintiff did not think the pier was a safety hazard because it was commonplace and saw other workers safely walk on the pier. Id. At 250. The Superior Court concluded that "[t]his is not a situation where the facts so clearly bespeak negligence by the plaintiff that the issue should have been removed from the jury." Id.

Although O'Brien is not controlling, we find it instructive to the present case. As evidenced by the deposition testimony of Plaintiff, the risks associated with traversing on the grassy pathway were not known to be obviously dangerous to Plaintiff:

> Q: So then you parked, and then what happened next?
>
> A: ... And so I saw a path, and – and there were like all kinds of footprints on it. And I went down there.
>
> ***
>
> Q: So is this the pathway that you used to enter the casino that day?
>
> A: Yeah. And there were tons of footprints. And I always seen people when they would walk - coming out the casino and walking up the sidewalk to the disability section, and I always saw people coming down there.

(Doc. 53, Tab A, Pltf.'s Dep. at 50:10-11, 51:5-7, 64:4-5, 64:11-15). Moreover, Plaintiff has set

forth that there were no warning signs or cones, cordoning-off or preventing patrons, such as Plaintiff, from using this "well-traveled" pathway. (Id. at 61 - 62).

Viewing the evidence in the light most favorable to the non-moving party, as we must do at this juncture, we cannot say that the danger ultimately confronted by the Plaintiff - walking on a well-traveled, grassy pathway - was so patently obvious that no reasonable minds could differ. Plaintiff has set forth evidence that no clear signage was available to her to direct her which way to travel to the entrance of the casino; that no ribbon, signs, cones or fences prohibited her from using the grassy pathway; and that she saw other patrons utilizing the well-worn pathway to the casino without incident. Thus, there is no real evidence that suggests any route was clearly unsafe. Given this absence of evidence, coupled with the general "loathing" of courts to apply the choice of ways doctrine, especially at the summary judgment stage, we will deny Killian Construction's and Mohegan Sun's motion for summary judgment as to this issue.

Finally, we now turn to Killian Construction's argument that it owed no duty to Plaintiff for a condition that was located outside the zone of construction. Killian Construction points to the deposition testimony of Tom Sanders, an on-site project manager for Killian Construction:

> Q: Who's determination was it as to where to place the fencing?
>
> A: The casino, or MTGA [Mohegan Tribal Gaming Authority].
>
> Q: And for our purposes, that's the same as the casino, correct?
>
> A: Yes, sir.

(Doc. 42, Ex. 6, Def. Dep. at 18:11-18). Mr. Sanders' deposition testimony further states that Killian Construction was responsible for construction signage only on the project, not for patron signage of the casino. (Id. at 11-12).

Plaintiff counters that an unknown construction worker, presumably a Killian Construction worker, told her that to access the casino, she should "just go past the fence and down toward the people." (Doc. 51, Pltf.'s SOF, ¶ 11; Doc. 53, Pltf.'s Dep., at 50:22-51:1). Plaintiff also cites to a portion of the contract between the Defendants, which she contends supports her position that Killian Construction owed a legal duty to her. Specifically, she cites to Section 10.2.1 of the contract that provides:

> The Contractor [Killian Construction] shall take reasonable precautions for safety of, and shall provide reasonable protection to prevent damage, injury or loss to: employees on the Work and other persons who may be affected thereby.

(Doc. 53, Pltf.'s Affidavit in Opp., Tab D). Plaintiff also provides that within Killian Construction's scope of work was traffic control "as required to keep the existing facility [casino] in operation." (Doc. 51, Pltf.'s SOF, ¶ 21; Doc. 53, Pltf.'s Affidavit in Opp., Tab D, Summary of Work, at 4).

Again, viewing the evidence in the light most favorable to the non-moving party, we find a genuine issue of material fact exists that prevents the granting summary judgment with the record before us. Given the evidence produced by Plaintiff in support of her averments that Killian Construction owed a duty to Plaintiff based upon the contract between the Defendants and the lack of evidence propounded by the Defendant to counter the same, we must deny Killian Construction's motion for summary judgment as to this issue as well. Other than the deposition testimony of Mr. Sander's, indicating that Mohegan Sun was responsible for the placement of the construction fences, Killian Construction fails to come forth with any evidence to refute Plaintiff's assertion that the above referenced contract section created a legal duty to the Plaintiff.

## IV. CONCLUSION

For the reasons set forth above, we will deny Plaintiff's motion to strike and deny Killian Construction and Mohegan Sun's motions for summary judgment. An appropriate order is attached.