UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY LOU GRAHAM | : |
| Plaintiff, | : |
| | : Civil Action No. 3:14-CV-908 |
| v. | : |
| MOHEGAN SUN AT POCONO DOWNS | : (Judge Kosik) |
| AND | : |
| KILLIAN CONSTRUCTION COMPANY | : |
| Defendants. | : |

**MEMORANDUM**

Before this court are Plaintiff and Defendant Mohegan Sun's memorandums of law in response to this court's *sua sponte,* September 6, 2016, Order, raising the issue of whether this court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, diversity jurisdiction (Doc. 67). Plaintiff has also filed a Motion for a Hearing (Doc. 71) on this issue. This matter, having been fully briefed, is ripe for disposition. For the reasons set forth below, we find that diversity jurisdiction exists.

**I. BACKGROUND**

Plaintiff initiated this matter on May 12, 2014, in this court, by filing a complaint against Defendants Killian Construction Company and Mohegan Sun. (Doc. 1). Mohegan Sun filed a Motion to Dismiss Count II of Plaintiff's Complaint on May 20, 2016, and a brief in support. (Docs. 6 and 7). Plaintiff then filed an Amended Complaint on June 3, 2014. (Doc. 8). Defendant Mohegan Sun filed a Motion to Dismiss, In Part, Plaintiff's Amended Complaint on

June 23, 2014, and a brief in support. (Docs. 9 and 10).

On November 11, 2014, Defendant Killian Construction Company filed an Answer to the Complaint, Affirmative Defenses, and Crossclaim against Defendant Mohegan Sun. (Doc. 27). Defendant Mohegan Sun filed an Answer to Defendant Killian Construction Company's Crossclaims on November 14, 2014. (Doc. 28). On December 2, 2014, this court denied Defendant Mohegan Sun's Motion for Partial Dismissal of Plaintiff's Amended Complaint, and directed Defendant Moghean Sun to file an Answer to the Amended Complaint. (Docs. 29 and 30).

Subsequently, Defendant Mohegan Sun filed an Answer, Affirmative Defenses, and a Crossclaim to Plaintiff's Amended Complaint on December 19, 2014. (Doc. 31). A case management conference was conducted on January 29, 2015, establishing that discovery would run until the end of May, 2015, and acknowledging that some discovery had already been conducted. (Doc. 35). On September 14, 2015, Defendant Killian Construction Company filed a Motion for Summary Judgment and brief in support (Docs 42 and 43), and Defendant Mohegan Sun filed a Motion for Summary Judgment and Partial Joinder to Killian Construction Company's motion on October 5, 2015. (Docs. 47 and 48).

This court denied Defendants' motions for summary judgment on June 14, 2016 (Docs. 59 and 60), and on September 6, 2016, issued, *sua sponte*, an order requesting supplemental briefs on the question of whether this court has jurisdiction based on diversity (Doc. 67). Both Plaintiff and Defendant Mohegan Sun have filed supplemental briefs on the issue of diversity jurisdiction (Docs. 68 and 70), with Plaintiff also seeking a hearing (Doc. 71). This matter is now ripe for disposition.

## II. DISCUSSION

Plaintiff filed this action in federal court alleging diversity jurisdiction in the Complaint. (Doc. 1). The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. Pro. 8(a)(1). Plaintiff alleges subject-matter jurisdiction on the basis of diversity, which requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that all plaintiffs be diverse from all defendants. See 28 U.S.C. § 1332. Because diversity of citizenship is a jurisdictional requirement, it is within the exclusive purview of the court to determine whether diversity exists. Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990).

A corporation is a citizen of the state of its incorporation as well as the state of its principal place of business, defined as its nerve center. See 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 599 U.S. 77, 80 (2010). The citizenship of a limited liability company is determined by the citizenship of its members; "for complete diversity to exist, all of the LLC's members must be diverse from all parties on the opposing side." Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) (internal citations omitted). A partnership takes the citizenship of its members, both general and, if so structured, limited. See Carden, 494 U.S. at 187–92. The state under the laws of which a limited partnership and other unincorporated associations are organized, and their principal places of business, are legally irrelevant for diversity jurisdiction purposes. Id.; Lincoln Ben. Life Co., 800 F.3d at 104-05; A.D.S. Developes, Inc. v. Tucker, 263 F. Supp. 986, 986-87 (E.D. Pa. Feb. 17, 1967) (stating that the fact that a "partnership is registered in Pennsylvania ... according to the registration certificate ... [and] its principal place of

business [is] in Pennsylvania" does not destroy diversity jurisdiction for federal diversity purposes. Rather, the determinative factor [is] the citizenship of the individual members).

We find that this court has jurisdiction over the present action based on diversity. Looking at the face of the Complaint, Plaintiff alleges the appropriate amount in controversy as well as complete diversity of citizenship. Plaintiff is a citizen of Pennsylvania, Defendant Killian Construction Company, a corporation, is a citizen of Missouri, and Mohegan Sun at Pocono Downs is a trade name of Downs Racing, LP, a limited partnership. (Doc. 68-1 and 2). Filed with the Pennsylvania Department of State, is a certificate of amendment to the limited partnership, naming Downs Racing, LP, as the name of the limited partnership, and the amendment being adopted by the limited partnership set forth as Mohegan Commercial Ventures PA, LLC, 1 Mohegan Sun Blvd, Uncasville, Connecticut. (Doc. 68-2). Peter Roberti signed the amendment as vice president of the limited partnership naming the new general partner as Downs Racing LP by Mohegan Commercial Ventures PA, LLC, its general partner. (Doc. 68-2).

On review of the briefs and exhibits attached thereto by the parties in this matter, this court concludes that diversity is satisfied. Because the principal place of business or organization of a partnership or other unincorporated association is legally irrelevant in determining diversity jurisdiction, Defendant Mohegan Sun's argument that Downs Racing, LP is a Pennsylvania limited partnership with a principal place of business in Plains Township, Pennsylvania, is legally irrelevant and not determinative of its citizenship status. Rather, the citizenship of its members, both general and, if so structured, limited, is the determinative factor.

## III. CONCLUSION

For the foregoing reasons, this court finds that it has subject matter jurisdiction over the present action under 28 U.S.C. § 1332, diversity jurisdiction. We will dismiss Plaintiff's Motion for a Hearing (Doc. 71) as moot. An appropriate order follows.